UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| AMY C. HOLSCLAW, ) | Civil No.: 5:20-cv-00075 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | COMPLAINT and |
| CORRIHER TRACTOR, INC. and ) | DEMAND FOR JURY TRIAL |
| CHARLES R. CORRIHER, JR., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Amy C. Holsclaw ("Holsclaw" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 *et. seq.,* against Defendants Corriher Tractor, Inc. ("Corriher Tractor") and Charles R. Corriher, Jr. ("Corriher Jr.").

## NATURE OF HOLSCLAW'S CLAIMS

1. Holsclaw brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and she seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint. Holsclaw also brings a claim for retaliation under the FLSA. Specifically, Defendants terminated Holsclaw's employment because Holsclaw engaged in protected activity by reporting Defendants' unlawful failure to pay her for all hours over forty worked in a single week, as required under the FLSA, to the United States Department of Labor ("DOL").

2. Defendants failed to pay all wages Holsclaw earned pursuant to the NCWHA. Specifically, Corriher Tractor violated N.C. Gen. Stat. §§ 95-25.1 *et. seq.* by failing to pay Holsclaw all earned wages and failing to pay her all earned wages due on her regular paydays and due on the next regular payday following the termination of her employment.

## THE PARTIES

3. Holsclaw is an adult individual who is a resident of Lenoir, North Carolina.

4. Corriher Tractor is a domestic corporation registered and in good standing in the State of North Carolina, located at 555 Wilkesboro Blvd. NE, Lenoir, NC 28645.

5. Corriher Jr. is the majority shareholder of Corriher Tractor and holds the position of President. In this capacity, Corriher Jr. is involved in the day-to-day business operations of Corriher Tractor. Corriher Jr. has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to not pay an overtime premium for all hours worked in excess of forty in a workweek. At all relevant times, Corriher Jr. acted and had responsibility to act on behalf of, and in the interests of Corriher Tractor in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Corriher Jr. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NCWHA, N.C. Gen. Stat. § 95-25.2(5).

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7. The claims for violations of the NCWHA are based on the statutory and common law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367

2

for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claims – both claims arise out of Defendants' unlawful policies and practices related to Holsclaw's compensation.

8. This Court has personal jurisdiction because Defendants conduct business in Caldwell County, North Carolina, which is located within this judicial district.

9. Venue is proper in this judicial district because Defendants has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Caldwell County, North Carolina.

## COVERAGE ALLEGATIONS

10. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

13. At all times hereinafter mentioned, Holsclaw was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all times hereinafter mentioned, Holsclaw was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

15. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

16. At all times hereinafter mentioned, Holsclaw was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## FACTUAL ALLEGATIONS

17. Corriher Tractor is an enterprise engaged in the business of the sale of tractors and other heavy machinery.

18. At all relevant times, Holsclaw was a nonexempt employee of Defendants within the meaning of the FLSA and eligible for overtime compensation for all work performed over 40 hours in a workweek.

19. Defendants employed Holsclaw during the FLSA's three-year statutory period preceding the filing of this complaint.

20. On or about October 21, 2019, Holsclaw began working for Defendants as an hourly-paid Office Manager. In this role, Holsclaw was a non-exempt employee under the FLSA entitled to an overtime premium for all hours worked over 40 in a single workweek.

21. Holsclaw is a licensed North Carolina Property and Casualty insurance agent. At the time of her hire, Holsclaw and Defendants agreed that, as part of Holsclaw's employment with Defendants, Holsclaw would also be paid a commission of 50% of any annualized premium commission Defendants received from Kubota (a third-party manufacturer and distributor of tractors and other farm equipment) for the sale of Kubota tractors when the buyers also purchased property and casualty insurance policies from Kubota for the tractor they purchased from

4

Defendants. This commission was designed to compensate Holsclaw for the benefit Defendants gained by using Holsclaw's insurance license to obtain annualized premium commissions from the sale of Kubota tractors. However, Defendants never paid Holsclaw any of the agreed upon commissions. For example, during the pay period beginning on February 9, 2020, and ending on February 15, 2020, Defendant failed to pay Plaintiff commissions she earned from Defendants' sale of Kubota tractors in January 2020. This resulted in Plaintiff being underpaid in the amount of approximately $720.60 in commissions (not including unpaid overtime) during the pay period, which represents 50% of the annualized premium commissions Defendants earned in January 2020.

22. After Holsclaw's hire, Defendants immediately began requiring Holsclaw to work hours over forty hours per week. Holsclaw estimates that she worked approximately 47-50 hours per week on average during her employment.

23. During the workweek beginning on April 13, 2020, and ending on April 19, 2020, Holsclaw worked approximately 46.90 total hours, consisting of approximately 6.90 overtime hours. Holsclaw was only compensated for 40 hours at her hourly rate and 2.67 hours at an overtime premium. Defendants completely failed to compensate Holsclaw for 4.23 hours of overtime work.

24. In addition to the week beginning on April 13, 2020, and ending on April 19, 2020, Defendants failed to pay Holsclaw one and one-half times her regular rate of pay for all overtime hours she worked over forty in multiple other workweeks during the three-year period preceding the filing of this Complaint. Defendants also failed to pay Holsclaw her regular hourly rate for any of the corresponding overtime hours.

25. Defendants had knowledge that Holsclaw performed overtime work without pay where they required Holsclaw to be physically present at Corriher Tractor's Lenoir Facility during the hours that she worked.

26. Defendants also had knowledge that Holsclaw performed overtime work without pay because Holsclaw presented Defendants with time sheets that accurately reflected the hours she worked. Defendants chose to ignore Holsclaw's time records and pay her for whatever hours they deemed appropriate.

27. Defendants did not accurately track and record the hours Holsclaw worked.

28. Defendants' failure to pay Holsclaw the required overtime premium for all hours worked over forty in a workweek was willful. Defendants' failure to pay Holsclaw the agreed upon commissions and regular hourly rate for hours worked over forty in a workweek was also willful.

29. On or about April 14, 2020, Holsclaw engaged in protected activity when she called the United States Department of Labor ("DOL") to report Defendants' failure to properly pay her all overtime due.

30. On or about May 8, 2020, the DOL contacted Defendants' office via facsimile requesting documents pursuant to its investigation of Holsclaw's complaint. Holsclaw personally handed the fax to Carla Corriher ("Carla"), one of Corriher Jr.'s daughters and employee of Corriher Tractor. Shortly thereafter, Amanda Corriher ("Amanda"), another of Corriher Jr.'s daughters and employee of Corriher Tractor, telephoned Holsclaw. Amanda confronted Holsclaw about the DOL facsimile message. Amanda told Holsclaw that a DOL investigator informed her that the complainant was a current employee, and that she believed that Holsclaw was the

employee who made the complaint because Holsclaw had made multiple complaints in the past to Carla and Amanda about not being properly paid overtime.

31. On or about May 11, 2020, Carla requested to speak with Holsclaw about the DOL complaint. Carla told Holsclaw that the DOL informed her that a current employee made the complaint, and that she believed Holsclaw was complainant. During the conversation, Carla became visibly upset and started yelling. Holsclaw clocked out of work to avoid further conflict with Carla and to discuss her complaints about Defendants' failure to properly pay her overtime with Corriher, Jr. ("Corriher Jr."). Shortly thereafter, Holsclaw informed Corriher Jr. that Defendants were not properly compensating her for the overtime hours she was working and that she had filed a complaint with the DOL. Corriher Jr. told Holsclaw that he would talk to her the following day about the issues she raised.

32. On or about May 12, 2020, Amanda told Holsclaw to clock out and leave Defendants' Lenoir facility for lunch. Shortly thereafter, Amanda called Holsclaw and asked her to return to work. Upon Holsclaw's return, Amanda informed her that Defendants were terminating her employment and requested her keys to the Lenoir facility.

33. Defendants' termination of Holsclaw's employment was in direct retaliation for her complaints regarding their failure to properly pay her overtime under the FLSA and for her reporting Defendants' unlawful pay practices to the DOL.

34. Holsclaw has suffered, and continues to suffer, damages from Defendants' retaliatory actions.

### Count I - Violation of FLSA – Overtime

35. Holsclaw incorporates by reference paragraph 1-34 of her Complaint.

36. Defendants' violation of the FLSA arises from its failure to pay all overtime wages earned by Holsclaw.

37. Defendants violated the FLSA by failing to pay Holsclaw an overtime premium rate of pay for all hours worked over forty in a workweek.

38. Defendants violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

39. Defendants' violation of the FLSA was willful.

## Count II - Violation of FLSA – Retaliation

40. Holsclaw incorporates by reference paragraphs 1-39 of her Complaint.

41. Defendants violated the provisions of 29 U.S.C. §215(a)(3) by terminating Holsclaw's employment because she reported Defendants' unlawful failure to pay her an overtime premium for all hours worked over 40 in a workweek in violation of the FLSA to the DOL. Defendants acted willfully.

## Count III- Violation of NCWHA – Unpaid Wages

42. Holsclaw incorporates by reference paragraphs 1-41 of her Complaint.

43. Holsclaw's NCWHA claims arise from Defendants' policy and practice of failing to pay earned wages in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

44. Defendants failed to pay, and failed to timely pay, all wages Holsclaw earned on her regularly scheduled paydays, including the next regular payday following the termination of her employment.

## PRAYER FOR RELIEF

WHEREFORE, Holsclaw demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Holsclaw and for liquidated damages equal in amount to the unpaid compensation found due to Holsclaw;

b) An Order pursuant to Section 15(a)(3) of the FLSA finding Defendants liable for unlawful retaliation and awarding reinstatement, lost wages, liquidated damages, and all other available relief.

c) An Order pursuant to N.C. Gen. Stat. § 95-25.22 finding Defendants liable for unpaid wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

g) A Declaration and finding by the Court that Defendants willfully violated provisions of the NCWHA by failing to comply with the wage payment requirements of the NCWHA.

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Holsclaw demands a trial by jury for all issues of fact.

>Respectfully submitted,
>
>/s/ Jason S. Chestnut
>Jason S. Chestnut NCSB #52066
>Craig L. Leis, NCSB #48582
>Philip J. Gibbons, Jr., NCSB #50276
>GIBBONS LEIS, PLLC
>14045 Ballantyne Corporate Place, Ste 325
>Charlotte, North Carolina 28277
>Telephone: (704) 612-0038
>E-Mail: phil@gibbonsleis.com
>craig@gibbonsleis.com
>jason@gibbonsleis.com